## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN VAZQUEZ<br>1944 Vice Roy Ln.<br>Holiday, FL 24690 | : | CIVIL ACTION |
| | : | DOCKET NO.: |
| Plaintiff, | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| P.H. ASSOCIATES, LLC<br>101 Blue Spring Rd.<br>Princeton, NJ 08340<br>and<br>ELAINE FALLEK<br>c/c P.H. Associates, LLC<br>101 Blue Spring Rd.<br>Princeton, NJ 08340 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Juan Vazquez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Plaintiff against P.H. Associates, LLC and Elaine Fallek (*hereinafter* referred to collectively as "Defendants" unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.), the New Jersey Wage Payment Law(s), the New Jersey Wage and Hour Law(s), and the New Jersey Law Against Discrimination ("NJ LAD").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff has filed age discrimination claims with the Equal Employment Opportunity Commissions ("EEOC"). Once his claims of age discrimination are administratively exhausted with the EEOC, he will move to amend the instant Civil Action Complaint to include such clams under the Age Discrimination in Employment Act ("ADEA"). Plaintiff's claims under the ADEA will identically mirror his current claims asserted under the NJ LAD.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the FLSA. This Court may also assert supplemental jurisdiction over Plaintiffs' state law claims as they arise out of the same nucleus of operative facts as their federal law claims.

3.      This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant P.H. Associates, LLC (*hereinafter* referred to as "Defendant Entity") is an apartment management company operating out of various apartment complexes throughout New Jersey, including the location at which Plaintiff worked in Princeton, NJ.

8.      Defendant Elaine Fallek (*hereinafter* referred to as "Defendant Fallek") owns and operates Defendant P.H. Associates, LLC and is a high level manager who controls and manages the terms and conditions of employment for employees (including Plaintiff), including but not limited to hiring, firing, issuing discipline, and compensation.

9.      At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is 60 years old.

12.     Plaintiff worked for Defendant Entity since in or about October of 1999.

13.     Plaintiff was employed with Defendant Entity as the Superintendent of Maintenance for Defendants' Princeton Hill Apartments (located at the above-captioned address).

14.     While employed with Defendant Entity, Plaintiff was always paid an hourly rate. At the time of his termination from Defendant Entity (discussed further *infra*), Plaintiff was earning approximately $20.40 per hour.

15.     Plaintiff's primary duties were to provide maintenance and repair services to apartments within Defendants' Princeton Hill Apartment complex.

16.     Plaintiff was never salaried and he did not make decisions for Defendants concerning matters related to operating the business, such as entering into binding contracts, advertising matters, or other fiscal matters.

17. Plaintiff merely performed routine duties for Defendants on a daily basis and did not exercise any meaningful discretion in the performance of his job.

18. Throughout his employment with Defendants, Plaintiff typically worked over 40 hours in one week, including but not limited to time that he would perform work for Defendants as a result of being on-call after hours (when emergencies or maintenance calls would be reported after his shift).

19. Despite typically working over 40 hours per week, Plaintiff was never paid time and one half for any hours that he worked in excess of 40 hours in one week. Instead, Plaintiff was paid his base hourly rate for hours that he worked over 40.

20. Plaintiff's overtimes hours would range anywhere from 5-20 hours in one week while working for Defendants.

21. In addition to not being paid time and one half for all overtime hours worked while employed with Defendants, Plaintiff was also subjected to discriminatory treatment by Defendant Entity's management during the last approximate 2 years of his employment.

22. Approximately 2 years prior to Plaintiff's eventual termination from Defendant Entity (as discussed *infra*), Jessica Gonzalez was hired as the Property Manager for the location at which Plaintiff worked.

23. During the last approximate 2 years of his employment with Defendants, Plaintiff was supervised by Gonzalez and Defendant Elaine Fallek (Owner of Defendant).

24. Since coming under the supervision of Gonzalez, Plaintiff was subjected to discriminatory and derogatory treatment based on his advanced age by Gonzalez and Defendant Fallek, who questioned Plaintiff's ability to perform his job because of his age, demanded that he

perform assignments outside of his normal job duties, told him that he was "too old" for his job, and called him "old" on several occasions.

25.     On or about March 17, 2017, after being subjected to multiple forms of age-related harassment by Gonzalez and Defendant Fallek, Plaintiff was informed by Defendant Fallek that he was being terminated from his employment with Defendant Entity because he "[didn't] get along with Jessica Gonzalez."

26.     Upon Plaintiff's termination from Defendant Entity, he was presented with an unsolicited severance agreement from Defendant Fallek, which asked Plaintiff to waive any and all claims that he had or may have against Defendants for a monetary amount (which Plaintiff declined to sign).[2]

27.     Plaintiff believes and therefore avers that he was not properly paid time and one half his regular rate for hours that he worked in excess of 40 hours in one week (despite being an exempt employee during his entire career with Defendants).

28.     Plaintiff also believes and therefore avers that he was terminated by Defendants for completely pretextual reasons and that the real reason for his termination was his advanced age.

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.,* 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.,* 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace,* 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.,* 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

**First Cause of Action**
<u>**Violations of the Fair Labor Standards Act ("FLSA")**</u>
**(Unpaid Overtime Compensation)**
**-Against Both Defendants-**

29.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.  At all times relevant herein, Defendants are, and continue to be, an "employer[s]" within the meaning of the FLSA.

31.  At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

32.  The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

33.  At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

34.  Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35.  Defendants failed to pay Plaintiff 1.5 times his regular rate of pay for every hour that he worked over 40 each workweek.

36.  As a result of Defendants' failure to pay Plaintiff the compensation (overtime) due to him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

37.     Defendant Fallek is personally liable for such violations because they personally oversaw payroll, committed wage and hour violations, and perpetuated the aforesaid unlawful practices.

38.     Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

## Second Cause of Action
### Violations of the New Jersey Wage & Hour Law(s) and the NJ Wage Payment Law(s)
**(Unpaid Overtime Compensation)**
**- Against Both Defendants -**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Plaintiff's First Cause of Action.

41.     These actions as aforesaid constitute violations of the NJ Wage and Hour Law(s) and the NJ Wage Payment Law(s).

## Third Cause of Action
### Violations of the New Jersey Law Against Discrimination
**(Age Discrimination – Wrongful Termination & Hostile Work Environment)**
**- Against Both Defendants -**

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff was subjected to discriminatory and hostile treatment by Defendant Entity's management because of his age, including but not limited to being questioned about his ability to perform his job because of his age, demanding that he perform assignments outside of his normal job duties, telling him that he was "too old" for his job, and calling him "old" on several occasions.

44.    Defendant Entity's management's aforesaid discriminatory conduct was both severe and pervasive.

45.    After being subjected to clear discriminatory animus because of his advanced age, Plaintiff was ultimately terminated from his employment with Defendants.

46.    Plaintiff believes and therefore avers that he was terminated because of his advanced age.

47.    Defendant Fallek is individually liable for Defendants' conduct because she aided, abetted, incited, coerced, and/or compelled the discriminatory conduct asserted herein.[3]

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to back pay, wages, benefits, and other damages permitted by law;

B.    Plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

C.    Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

D.    Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.    Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

---

[3] Individuals can be held liable under the NJ LAD. *See* N.J.S.A.10:5-12(d) and (e).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esquire
3331 Street Road
Building 2; Ste. 231
Bensalem, PA 19020
(215) 639-0801

Dated: May 8, 2017